

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2007

# Bray v. Pharmacia Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2038

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bray v. Pharmacia Corp" (2007). *2007 Decisions.* Paper 1292.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1292

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-2038

_____

LINDA BRAY,
Appellant

v.

PHARMACIA CORP./PFIZER, INC.;
FRANK ESTRADA; STACY FRANK;
LLOYD SANDERS, as individuals

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-02296)
District Judge: Honorable Anne E. Thompson

_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2007

Before: RENDELL, BARRY and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Filed: April 16, 2007)

_____

OPINION OF THE COURT

_____

RENDELL, *Circuit Judge.*

Appellant Linda Bray appeals from the March 1, 2006 Order of the United States

District Court for the District of New Jersey granting Appellee Pfizer's motion for

summary judgment with respect to Bray's claims for sexual discrimination in violation of

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, *et seq.*; disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*; and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Additionally, Bray appeals from the District Court's grant of summary judgment for Pfizer with respect to Bray's state common law claims for intentional infliction of emotional distress, tortious interference with economic gain and negligent hiring and supervision.[1] We will affirm the Order of the District Court.

## I.

Linda Bray began her employment with Pfizer as a pharmaceutical sales person in 1986. Throughout her employment, Bray was responsible for selling pharmaceutical products to physicians within a designated geographic area in Florida and appears to have been successful in this capacity for most of her tenure. However, Bray's experience with the company worsened in August 2000, when she began reporting to a new District Manager, Frank Estrada, and worsened further in January 2001, when Pfizer made her responsible for selling a colorectal cancer drug with which she was not previously familiar. Over the course of the following year, both Bray's sales and her relationship

---

[1] The District Court concluded that Bray's state law claims are governed by the common law of Florida. Indeed, this choice of law determination gave rise to the District Court's dismissal of Bray's additional claims under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, *et seq.* Because Bray does not dispute that Florida law governs this case, she has not appealed the District Court's dismissal of her New Jersey state law claims. We will also apply Florida law.

2

with Estrada suffered. For instance, Bray alleges that Estrada often ignored her, failed to invite her to meals with other co-workers and frequently chastised her in public. In February 2002, Estrada placed Bray on a "Performance Improvement Plan" ("PIP"), a program designed by Pfizer to help struggling sales people improve their performance. Bray strongly disagreed that a PIP was warranted and, in a March 2002 letter to Estrada's superiors, alleged that Estrada had placed her on the PIP because of her age. Officials from Pfizer's Human Resources department conducted a formal investigation into Bray's claim, but concluded that it was unfounded. Estrada left the company soon after, in July 2002.

On August 16, 2002, Bray took short-term disability leave for a heart condition. She remained on leave for several months and, on February 14, 2002, Pfizer converted Bray's leave from short- to long-term disability. During the period of her leave, Bray did not report to work and, generally, was not involved in the day-to-day activities associated with her employment. On March 3, 2003, Richard Stein, Estrada's successor as Bray's supervisor, met with Bray and requested that she hand in various items of Pfizer property (*e.g.*, a company credit card, computer equipment, sales records, etc.) that, while on leave, she was not using. Bray was clearly upset by this meeting and describes it as a "termination," although she does not dispute that she continued to receive Pfizer disability benefits through May 2, 2005.

On September 22, 2003, Bray filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that Pfizer had discriminated against her on

3

account of her age (56, upon the date of her EEOC filing), her sex and her disability (the heart condition). On February 11, 2004, the EEOC dismissed Bray's charge. Soon after, on May 13, 2004, Bray commenced this action in the District of New Jersey, alleging the theories described above, against Estrada, Pfizer and two Pfizer employees involved in investigating Bray's claims.[2]

## II.

At the conclusion of extensive discovery, Pfizer moved for summary judgment on the grounds that Bray failed to timely file her EEOC complaint within the statutory period and, therefore, that her claims under Title VII, the ADA and the ADEA could not go forward. The District Court agreed.[3]

As Bray readily concedes, "[e]mployees filing a discrimination lawsuit pursuant to Title VII, ADA or ADEA must [first] file a discrimination charge with the EEOC within 300 days of the challenged employment action." Brief for App. at 29. The dispute, in this case, is the date from which this 300-day period began to run.

Both parties agree that, if the last allegedly discriminatory act occurred around the time of Bray's last day of work, prior to her taking leave in August 2002, or around the time of Estrada'a last day of work, in July 2002, Bray's September 2003 EEOC complaint

---

[2]The District Court dismissed Estrada as a defendant for lack of personal jurisdiction. Bray has not appealed this ruling to us.

[3]"We have jurisdiction to review a final decision of the District Court pursuant to 28 U.S.C. § 1291. A district court's grant of summary judgment is reviewed *de novo*." *Yurecka v. Zappala*, 472 F.3d 59, 62 (3d Cir. 2006).

was well beyond the 300-day limit.  However, Bray argues that the March 2003 meeting with Stein was the last in a series of related discriminatory acts and that, therefore, under the "continuous violations doctrine," *see, e.g., Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002), Bray's EEOC complaint relates back to all of the previous discriminatory actions taken by Estrada and Pfizer.  Pfizer, on the other hand, argues that there was nothing discriminatory about the March 2003 meeting and that, because Bray did not file her EEOC claim within 300 days of any of the discriminatory actions Bray alleges to have suffered, she may not now maintain her claims in court.

In reaching this argument, the District Court rejected Bray's contention that the March 2003 meeting with Stein constituted a discriminatory action and concluded that Bray's "date of completing this experience of discrimination as she viewed it was clearly August of 2002.  There's no way to make it 2003."  Appendix at 40.  Additionally, the Court concluded that "when [Bray] went out on short-term disability in August [2002], her experience of discrimination as she saw it was complete."  *Id*.  Having reviewed the record, we see no reason to disturb this conclusion.  Bray has simply not sufficiently demonstrated how the March 2003 meeting with Stein was discriminatory or adverse.  Although Bray maintains that the meeting constituted a discriminatory "termination," she cannot account for the fact that she continued to receive benefits from Pfizer for a period of over two years after the meeting occurred.  Moreover, Bray has put forward nothing specific even to describe, let alone to sufficiently allege, *how* the meeting was discriminatory in nature.  Therefore, we will affirm the District Court's ruling that Bray's

claims under Title VII, the ADA and the ADEA must be dismissed because her EEOC filing was outside the 300-day window.

## III.

Bray also appeals from the District Court's dismissal of her Florida law claims for intentional infliction of emotional distress, tortious interference with contract and negligent hiring and supervision. With respect to these claims, the District Court concluded that there "was no outrageous conduct such to make out the . . . emotional distress [claim]. There was no conduct that would make out tortious interference with economic advantage." Appendix at 41. Additionally, the Court held that it could not "see how there could possibly be . . . a negligent hiring claim here" and that it would be "irresponsible" to let it continue. *Id*.

Having reviewed the record, we again agree with the District Court that these claims must fail. Although, if established, Bray's allegations about Estrada's behavior would certainly establish that he was rude and inconsiderate, they simply do not rise to the level of outrageousness necessary under Florida law to maintain an action for intentional infliction of emotional distress. With respect to her tortious interference claim, Bray does not explain how, under Florida law, she can maintain such an action when the party alleged to have interfered (here Pfizer) *was itself a party to the relationship*. Indeed, Bray does not cite to even one Florida case setting forth the contours of this novel theory. Finally, we have considered Bray's claim for negligent hiring and find it meritless.

6

## IV.

For these reasons, we will affirm the Order of the District Court.